UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH CALO, JARRETT MAHURIN, PHYLLIS MILLER, DAWN MARIE DEHERLIA, SANDRA HOLSTEIN, DEBORAH HOLSTEIN, JENNIFEHR ELLIOTT, and RILEIGH ELLIOTT, | ) ) ) ) ) ) ) ) | No. 21 CV 6918 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| G.N.P.H. # NINE, INC., FRANCISCO BALDERAS, and MICHELLE FOX, | ) ) ) ) | |
| Defendants. | ) ) | May 11, 2022 |

**MEMORANDUM OPINION and ORDER**

Plaintiffs are former servers at a Golden Nugget restaurant in Chicago who bring a variety of claims against G.N.P.H. # Nine, Inc. (the "Golden Nugget") and managers Francisco Balderas and Michelle Fox (collectively, "Defendants"), including claims under the federal Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law and Wage Payment and Collection Act ("IMWL" and "IWPCA," respectively), Chicago and Cook County Minimum Wage Ordinances, Section 1981, and the Families First Coronavirus Response Act. In response Defendants have lodged 18 affirmative defenses. Plaintiffs move under Federal Rule of Civil Procedure 12(f) to strike these affirmative defenses. For the following reasons, that motion is granted in part and denied in part:

## Analysis

District courts have considerable discretion in ruling on motions to strike affirmative defenses, *see Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009), and may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f). But there is tension surrounding the resolution of such motions. On one hand, motions to strike are disfavored because of their tendency to delay proceedings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). On the other, more affirmative defenses means increased discovery costs and disputes, and striking them can remove irrelevant issues. *See Janssen v. BRI Holding, LLC*, No. 16 CV 10098, 2017 WL 2080424, at *4 (N.D. Ill. May 15, 2017) (stating that "affirmative defenses 'serve as a platform for discovery, which could be very costly'") (quoting *Top Tobacco, L.P. v. Good Times USA, LLC*, No. 14 CV 8978, 2017 WL 395698, at *2 (N.D. Ill. Jan. 30, 2017)); *see also NewNet Commc'n Techs., LLC v. VI E-Cell Tropical Telecom, Ltd.*, 85 F. Supp. 3d 988, 993 (N.D. Ill. 2015) (holding that striking affirmative defenses is appropriate where doing so "remov[es] irrelevant issues from consideration"); *Heller*, 883 F.2d at 1294 (granting motion to strike to remove "unnecessary clutter" and thus "expedite, not delay" proceedings).

Affirmative defenses also "are subject to all the pleading requirements of the Federal Rules of Civil Procedure," including those set forth in Rules 8, 9, and 11. *Id.*; *Codest Eng'g v. Hyatt Intern. Corp.*, 954 F. Supp. 1224, 1232 (N.D. Ill. Dec. 23, 1996). Although the Seventh Circuit has yet to address whether the *Iqbal-Twombly*

2

standard applies to affirmative defenses, most courts in this district that have considered the issue have found that the standard applies. *See Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015) (collecting cases); *see also Janssen*, 2017 WL 2080424, at *4 (same). Because this court believes that "the test applicable to affirmative defenses should reflect current pleading standards," *Shield Tech. Corp. v. Paradigm Positioning, LLC*, No. 11 CV 6183, 2012 WL 4120440, at *8 (N.D. Ill. Sept. 19, 2012), and neither *Iqbal* nor *Twombly* suggest otherwise, this court likewise concludes that the *Iqbal-Twombly* standard applies here. As such, only those affirmative defenses that include "sufficient factual matter to be plausible on [their] face" will survive Plaintiffs' motion. *TWD, LLC v. Grunt Style LLC*, No. 18 CV 7695, 2019 WL 5420153, at *3 (N.D. Ill. Oct. 23, 2019) (internal quotations and citations omitted).

**A.     Defense Nos. 1, 2, 6, 9, 15 & 16**

Defendants agreed to withdraw Nos. 1, 2, 6, 9, 15, and 16 in response to Plaintiffs' motion to strike. As such, the motion is denied as moot as to these defenses.

**B.     Defense No. 3**

Defendants assert in No. 3 that Plaintiffs' claims "are or may be barred, in whole or in part, by the applicable statutes of limitations or repose." (R. 11, Ans. at 65.) Both the statutes of limitations and repose are recognized affirmative defenses. *See* Fed. R. Civ. P. 8(c) (listing statute of limitations as affirmative defense); *see also Laseter v. ClimateGuard Design & Installation, LLC*, 931 F. Supp. 2d 862, 866 (N.D. Ill. 2013) ("A statute of repose is an affirmative defense."). But Plaintiffs

are correct that Defendants do not identify which statutes of limitations or repose periods are applicable or include any supportive facts, even though those facts are presumably available to Defendants. (R. 19, Pls.' Mot. at 7); *see also Dace v. Chi. Pub. Sch.*, No. 19 CV 6819, 2020 WL 1861671, at *6 (March 18, 2020) (striking defense without prejudice where defendant did not "set forth the specific . . . statute of limitations it is relying on or explain why Plaintiffs' claims are time barred," or "explain in its opposition . . . specifically why it needs discovery on this matter"). Nevertheless, Defendants argue that some of Plaintiffs' allegations may fall outside the two- or three-year FLSA statute of limitations periods and/or the four-year Section 1981 limitations period because Plaintiffs' employment with Golden Nugget began several years before they filed this lawsuit and they do not allege clear time periods with respect to every alleged violation. (R. 22, Defs.' Resp. at 3-4.) The court appreciates the clarification, but a defendant is not permitted to add facts to its affirmative defenses in a response brief to a motion to strike. *See In re First Farmers Fin. Litig.*, No. 14 CV 7581, 2017 WL 3895567, at *2 (N.D. Ill. Sept. 6, 2017). As such, No. 3 is stricken without prejudice. *Hayes v. Agilysys, Inc.,* 2009 WL 891832, at *1 (N.D. Ill. March 30, 2009) ("Courts strike defenses that are inadequately pleaded without prejudice so that defendants can fix any shortcomings of inadequately pleaded defenses.").

4

### C. Defense Nos. 4, 17 & 18

Defendants also assert a series of affirmative defenses regarding the availability of punitive damages. No. 4 states as follows:

> Plaintiffs' claims for punitive and/or liquidated damages are barred because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the law.

(R. 11, Ans. at 65.) No. 17 provides in relevant part:

> [T]o the extent any employee of Golden Nugget engaged in illegal harassment, retaliation or discrimination (which is denied), Plaintiffs cannot recover punitive damages because such actions were contrary to Defendant's policies and reasonable efforts to prevent discrimination and harassment in the workplace.

(Id. at 68.) And finally, No. 18 states in relevant part:

> Defendants may not be held vicariously liable for punitive damages based on any alleged unlawful employment decisions made by any other person, if any are proven, because any such allegedly unlawful decisions were contrary to Defendants' policies and good faith efforts to comply with federal, state, and local laws.

(Id.)

Plaintiffs argue that none of these defenses is supported by facts. Defendants respond that each defense "place[s] Plaintiffs on notice that they are asserting the *Kolstad* affirmative defense." (R. 22, Defs.' Resp. at 5). Defendants also contend that the factual assertions set forth in Defense Nos. 8, 10 and 11—each of which pertain to Plaintiffs' wage and hour claims and are discussed more fully below—provide support for these defenses. (Id.)

But Defendants are mistaken. The *Kolstad* decision concerned employment discrimination claims, not wage and hour claims. *See Kolstad v. Am. Dental Ass'n,*

5

527 U.S. 526, 545 (1999) (holding that "in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with Title VII"). Defendants fail to explain how *Kolstad* applies to the wage and hour claims in this particular case. Further, the Seventh Circuit has yet to weigh in on whether this defense may be properly pled as an affirmative defense—as opposed to a mere denial—and courts in this circuit differ on the issue. *Compare, e.g.*, *Badshah v. Am. Airlines, Inc.*, No. 17 CV 01254, 2017 WL 2021089, at *2 (N.D. Ill. May 12, 2017) (concluding that defendant stated plausible affirmative defense based on *Kolstad*), *with Darr v. Phillips 66 Co.*, No. 3:17-CV-1355-NJR, 2021 WL 6277305, at *3 (S.D. Ill. Nov. 2, 2021) (concluding that *Kolstad* defense is not affirmative defense). Furthermore, not only are these defenses misplaced, but they are also partially redundant. Accordingly, Nos. 4, 17, and 18 are stricken without prejudice. To the extent Defendants wish to replead an affirmative defense under *Kolstad*, they are directed to include sufficient factual allegations in support of the defense to provide adequate notice to Plaintiffs.

**D.     Defense No. 5**

In this defense, Defendants state:

> Plaintiffs' claims are barred in whole or in part by certain provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

(R. 11, Ans. at 65-66.) Plaintiffs again argue that this defense lacks adequate factual support. (R. 19, Pls.' Mot. at 7-8.) Generally, liquidated damages are mandatory in FLSA cases unless the employer proves one of the affirmative defenses available to it under the Portal-to-Portal Act. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) ("Double damages are the norm, single damages the exception, the burden on the employer."). Section 260 provides one such exception. But while Defendants identify that section, they do not include sufficient factual allegations explaining how it applies to the claims asserted against them. Accordingly, Plaintiffs' motion to strike this defense is granted without prejudice. *See Pietrzycki v. Heights Tower Serv., Inc.*, No. 14 CV 6546, 2015 WL 688510, at *4 (N.D. Ill. Feb. 17, 2015) (granting motion to strike without prejudice where defendants neither "identified any facts in support of this [Portal-to-Portal Act] affirmative defense, nor . . . what portion or portions of this statute are at issue."); *see also Otey v. CrowdFlower, Inc.*, No. 12 CV 5524-JST, 2013 WL 5734146, at *8 (N.D. Cal. Oct. 22, 2013) (striking similarly worded affirmative defense as "deficient under *Iqbal*" for failing "to articulate why Defendants reasonably believed" their actions did not violate FLSA).

**E.     Defense No. 7**

Defendants assert in this defense that "Plaintiffs' claims are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis*." (R. 11, Ans. at 66.) The court agrees with Plaintiffs that this defense also lacks

7

adequate factual support and notes that Defendants have made no counterargument whatsoever. Moreover, Plaintiffs do not allege in this case that they were not paid for work performed prior to their shifts so as to place "preliminary time" at issue. As such, this defense is little more than impermissible boilerplate and is stricken without prejudice. *See Dorsey v. Ghosh*, No. 13 CV 5747, 2015 WL 3524911, at *4 (June 3, 2015) ("[A] problem arises when a party asserts boilerplate defenses as mere placeholders without any apparent factual basis.").

**F.    Defense Nos. 8 & 10**

No. 8 states that "Defendants had no knowledge of, nor should they have had knowledge of, any alleged uncompensated overtime work or any violation of the FLSA, IMWL, or Chicago Ordinance by Plaintiff or any persons allegedly 'similarly situated' to him, and Defendants did not authorize, require, request, suffer or permit such activity by Plaintiffs." (R. 11, Ans. at 66.) Similarly, No. 10 states that Plaintiffs' claims are at least partially barred because:

> Defendants exercised reasonable care and diligence to comply with the provisions of the FLSA and applicable minimum wage laws by investigating and taking prompt and appropriate remedial action upon notice of any alleged non-payment of wages. Further, Plaintiffs unreasonably failed to take advantage of the opportunities provided by Defendant Golden Nugget to report, prevent, correct, or avoid the alleged non-payment of wages. For this reason, Defendants did not know any wages were due Plaintiffs, should not have known, and did not acquiesce in any alleged non-payment of wages. To the extent any such conduct was brought to Defendants['] attention, they took immediate and appropriate corrective action.

(Id. at 66-67.) Plaintiffs once again contend that these defenses lack the requisite factual support.[1] (R. 19, Pls.' Mot. at 8.) The court agrees. Plaintiffs allege that they were not paid for work performed during their lunch breaks and after their scheduled shifts ended, and neither affirmative defense at issue even indicates the claim to which it applies.

As for No. 10, Plaintiffs assert that this defense amounts to a mere denial of their allegations and not an affirmative defense. In response Defendants point to *White v. Baptist Memorial Health Care Corporation*, 699 F.3d 869, 876 (6th Cir. 2012), in which the Sixth Circuit affirmed summary judgment for an employer that set up processes for reporting overtime that the plaintiffs did not use, reasoning that the employee "prevent[ed] the employer from knowing its obligation to compensate the employee." (See R. 22, Defs.' Resp. at 6-7.) The Seventh Circuit has similarly held that "the FLSA stops short of requiring the employer to pay for work it did not know about, and had no reason to know about." *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 177 (7th Cir. 2011). But "an employer's formal policy or process for reporting [time worked] will not protect the employer if the employer prevents or discourages accurate reporting in practice." *Allen v. City of Chi.*, 865 F.3d 936, 939 (7th Cir. 2017). Plaintiffs here allege that Defendants did just that by "consistently and retroactively alter[ing] the hours recorded by employees" to "reflect scheduled hours as opposed

---

[1] Plaintiffs also contend that Defense No. 8 directly contradicts Defense No. 10, because No. 10 states that Defendants took "prompt and appropriate remedial action upon notice of any alleged non-payment of wages." But it is axiomatic that "[a] party may state as many separate . . . defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

9

actual hours worked." (R. 6, Amend. Compl. ¶ 31.) As such, Defense Nos. 8 and 10, which read as denials of that allegation, are stricken with prejudice. *See NewNet*, 85 F. Supp. 3d at 993 ("Defenses that are more properly classified as denials" can be "stricken under Rule 12(f)."); *see also Hayes*, 2009 WL 891832, at *1 ("Courts strike with prejudice defenses that are not appropriately pleaded as affirmative defenses.").

### G.     Defense No. 11

Defendants next assert that "Plaintiffs have been compensated in accordance with applicable laws and have been fully compensated as to all sums to which they may be entitled." (R. 11, Ans. at 67.) The court agrees with Plaintiffs that this defense, too, is "not so much an affirmative defense as it is a pseudo-denial of Plaintiffs' wage claims." (R. 19, Pls.' Mot. at 8.) It is therefore stricken with prejudice. *See Edwards*, 310 F.R.D. at 387 ("[A]ffirmative defenses must introduce a new matter or allegation that could serve as the basis for a defense and cannot be merely a denial of the Plaintiff's allegations.").

### H.     Defense No. 12.

Defendants in this defense assert that Plaintiffs "cannot recover to the extent they failed to mitigate [their] damages as required by law." (R. 11, Ans. at 67.) Plaintiffs argue that this defense fails for lack of "any facts or concrete theory." (R. 19, Pls.' Mot. at 8.) Defendants are correct that courts have "typically permit[ted] threadbare pleading of the mitigation defense." (R. 22, Defs.' Resp. at 8); *see also In Retail Fund Algonquin Commons v. Abercrombie & Fitch Stores, Inc.*, No. 09 CV 5824, 2010 WL 1873725, at *2 (N.D. Ill. May 10, 2010) (noting that courts have "routinely

10

allowed" the mitigation defense to be "bare of factual specificity"); *Thomas v. Exxon Mobil Corp.*, No. 07 CV 7131, 2009 WL 377334, at *4 (N.D. Ill. Feb. 11, 2009) (denying motion to strike "cursory" mitigation defense as "sufficiently pled without additional facts"). But given that this court applies the *Iqbal-Twombly* standard to affirmative defenses, Defendants' conclusory assertion of the failure-to-mitigate damages defense is not particular enough to overcome Plaintiffs' motion. This defense is stricken without prejudice.

**I.     Defense Nos. 13 & 14**

Defendants assert in No. 13 that: (1) Plaintiffs "failed to take advantage of opportunities afforded by Golden Nugget that were designed to prevent or correct harassment or discrimination"; (2) Golden Nugget is insulated from liability for discrimination and harassment because it "adopted and enforced an anti-discrimination/no-harassment policy"; and (3) "Golden Nugget neither knew nor had any reason to know of the alleged acts or admissions complained of in this case." (R. 11, Ans. at 67.) In No. 14, they say that Plaintiffs' "recovery is barred in whole or in part because . . . Golden Nugget exercised reasonable care to prevent and correct promptly any harassing, discriminatory, or retaliatory behavior, and Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to avoid harm otherwise." (Id.)

Plaintiffs argue that these defenses must be stricken because Defendants failed to include adequate supporting factual allegations and because No. 14 is a mere denial, not an affirmative defense. (R. 19, Pls.' Mot. at 8-9.) These defenses implicate the oft-asserted *Farragher-Ellerth* affirmative defense, and the court finds that No.

11

13 is specific enough to provide Plaintiffs with adequate notice of the defense. Plaintiffs' motion therefore is denied as to No. 13. But because Defense No. 14 is redundant of No. 13, Plaintiffs' motion is granted with prejudice as to No. 14. *See* Fed. R. Civ. P. 12(f) (authorizing the court to strike any "redundant" matter).

## Conclusion

For the foregoing reasons, the motion to strike is denied as moot as to Affirmative Defense Nos. 1, 2, 6, 9, 15, and 16 and is granted with prejudice as to Nos. 8, 10, 11, and 14, and granted without prejudice as to Nos. 3-5, 7, 12, 13, 17, and 18. To the extent Defendants wish to replead any of the affirmative defenses the court hereby strikes without prejudice, they should ensure that they have sufficient factual basis before doing so.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**